UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
ANDY V.,

                         Plaintiff,          DECISION AND ORDER
                                             1:21-cv-10331-GRJ

          v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In December of 2014, Plaintiff Andy V.[1] applied for Disability

Insurance Benefits under the Social Security Act. The Commissioner of

Social Security denied the application.  Plaintiff, represented by Max D.

Leifer, Esq., commenced this action seeking judicial review of the

Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383

(c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 28).

This case was referred to the undersigned on March 17, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 31,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

32). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on December 4, 2014, alleging disability beginning January 4, 2014. (T at 243-51).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 21, 2017, before ALJ Seth Grossman. (T at 86-138). On August 9, 2017, the ALJ issued a decision denying the application for benefits. (T at 25-47).  The Appeals Council denied Plaintiff's request for review on September 6, 2018. (T at 1-6).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review of the Commissioner's denial of benefits.  On February 13, 2020, the Honorable Nathaniel Fox, United States Magistrate Judge, approved a stipulation remanding the case for further administrative proceedings. (T at 1124-25).

A second administrative hearing was held on February 12, 2021, before ALJ Grossman.  Plaintiff appeared with his attorney and testified.  (T

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 22.

at 1090-1092, 1098-1104). The ALJ also received testimony from Patricia Highcove, a vocational expert.  (T at 1087-89, 1106-1122).

   B.   *ALJ's Decision*

On September 3, 2021, ALJ Grossman issued a second decision denying the application for benefits. (T at 1045-1061).  The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017 (the date last insured) and did not perform substantial gainful activity between January 4, 2014 (the alleged onset date) and the date last insured. (T at 1051).

The ALJ concluded that, as of the date last insured, Plaintiff's chronic obstructive pulmonary disease (COPD); diabetes mellitus; sleep apnea; pancreatitis; neck pain syndrome; bilateral shoulder pain syndrome; cervical and lumbar degenerative disc disease; and obesity were severe impairments as defined under the Act. (T at 1051).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1052-53).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity

("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: Plaintiff requires a clean air environment (free from respiratory irritants); can perform no more than occasional stooping, kneeling, and crouching; cannot crawl; is limited to occasional overhead lifting and carrying (up to 10 pounds); and needs access to a portable oxygen tank for emergency use. (T at 14).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform his past relevant work as a mail carrier. (T at 1059).

However, considering Plaintiff's age (52 on the date last insured, subsequently changed to an individual closely approaching advanced age), education (high school), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 1059).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 4, 2014 (the alleged onset date) and December 31, 2017 (the date last insured). (T at 1060).  On November 5, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 1038-1044).

4

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing

a Complaint on December 6, 2021. (Docket No. 7).  On November 2, 2022,

Plaintiff filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket No. 31).  The Commissioner interposed a

cross-motion for judgment on the pleadings, supported by a memorandum

of law, on January 9, 2023. (Docket No. 32, 33).  On January 30, 2023,

Plaintiff submitted a reply memorandum of law in further support of his

motion. (Docket No. 34).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566

F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings,

which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises four main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff challenges the ALJ's Listings analysis.  Second, he argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination. Third, Plaintiff challenges the ALJ's decision to discount his credibility. Fourth, he argues that the ALJ's step five analysis was undermined by several errors.  This Court will address each argument in turn.

### A.    Listings

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, she is "conclusively presumed to be disabled

and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). "The claimant bears the burden of establishing that his or her impairments match a Listing or are equal in severity to a Listing." *Henry v. Astrue*, 32 F. Supp. 3d 170, 182 (N.D.N.Y. 2012) (citing *Naegele v. Barnhart*, 433 F.Supp.2d 319, 324 (W.D.N.Y.2006)).

In the present case, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listings. (T at 1052-53).

Plaintiff generally challenges this conclusion but does not make it clear which Listing impairment(s) he believes was (were) met or medically equaled and does not establish that the ALJ's Listings analysis was unsupported by substantial evidence.

The ALJ gave express attention to the Listings for musculoskeletal disorders (1.00) and asthma (3.03).  Regarding the former, the ALJ reasonably relied on records that showed full motor strength in Plaintiff's cervical spine (T at 445, 448, 451, 608, 724, 1207) and occasional diminished strength in the left lower extremity, with no sensory loss (T at 406, 472, 474, 500, 505, 507).

With respect to Plaintiff's breathing issues, the ALJ reasonably relied on records, including pulmonary function/spirometry results, indicating that Plaintiff's COPD did not meet or medically equal the Listing for asthma. (T at 349, 352, 764, 940, 941).

The Court, therefore, finds no reversible error in the ALJ's Listings analysis.

### B.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).[3]

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

---

[3] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.  The revised regulations apply to claims filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits before that date, the new regulations do not apply here.

Treating physician opinions are considered particularly probative because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical evidence alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

An opinion from a treating physician is afforded controlling weight as to the nature and severity of an impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

However, treating physician opinions are not always dispositive.  For example, an opinion will not be afforded controlling weight if it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

To determine how much weight a treating physician's opinion should be given, the ALJ considers the "*Burgess* factors" identified by the Second Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of

the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating physicians, "with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ. 2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018).  A consultative physician's opinion may constitute substantial evidence. *See Petrie v. Astrue*, 412 F. Appx 401, 406 (2d Cir. 2011).

In August of 2014, Dr. Ruth Johnson, a treating physician, opined that Plaintiff was "totally and permanently disabled from any form of gainful employment" due to his lumbar radiculopathy and lumbar muscle spasms, cervical radiculopathy and cervical muscle spasms, and occupational lung disease. (T at 508).

In July of 2016, Dr. Cesarski, Plaintiff's treating chiropractor, completed a medical source statement.  He opined that Plaintiff could occasionally lift/carry up to 15 pounds; sit for 2-3 hours in an 8-hour workday; stand/walk for 1 hour in an 8-hour workday; occasionally reach and operate foot controls; occasionally climb ramps and stairs, balance,

and crouch; and never climb ladders or scaffolds, kneel, or crawl. (T at 682-85). In October of 2017, Dr. Cesarski wrote a letter describing Plaintiff's musculoskeletal condition as "debilitating" and worsening. (T at 2123).

The ALJ gave "very limited weight" to Dr. Johnson's opinion and "little weight" to the assessment of Dr. Cesarski. (T at 1056, 1057).

The ALJ correctly noted that a treating provider's statement "that the claimant is 'disabled' or 'unable to work' is not controlling," because such determinations are reserved for the Commissioner. *See Guzman v. Astrue*, No. 09-CV-3928 (PKC), 2011 WL 666194, at *10 (S.D.N.Y. Feb. 4, 2011)( (citing 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1)); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative.").

In addition, the ALJ reasonably found the treating providers' highly restrictive opinions inconsistent with the treatment record and other medical opinion evidence.

Regarding Plaintiff's pulmonary problems, testing indicated "Mild pulmonary defect in a restrictive pattern" (T at 703), and clinical examinations were frequently unremarkable. (T at 444, 447, 450, 475, 499, 678, 702, 723, 934, 936, 947, 953-54, 959, 968-69, 976, 980, 984, 1004, 1027).

Dr. Ravi Ravi performed a consultative examination in April of 2017. Dr. Ravi recognized Plaintiff's COPD diagnosis and opined that Plaintiff should avoid respiratory irritants, but otherwise assessed no limitations related to Plaintiff's breathing. (T at 724).

With respect to Plaintiff's musculoskeletal impairments, the ALJ recognized the evidence of limitation and incorporated some degree of limitation into the RFC determination. (T at 1052-53).

The ALJ, however, reasonably found that the evidence did not support an assessment of total disability.

The record, including Dr. Johnson's own treatment notes, frequently showed unremarkable musculoskeletal and neurological examinations and activities of daily living inconsistent with total disability. (T at 678, 702, 745, 856, 863, 944, 947, 950, 953-54, 956, 959, 962, 965, 968-69, 972, 976, 980, 984, 1027).  Dr. Cesarski refused the Commissioner's requests to provide the treatment notes supporting his assessment. (T at 1057, 1197, 2124-26, 2128).

An ALJ may discount a medical opinion that is "internally inconsistent with [the physician's] own, contemporaneous examination findings." *Donofrio v. Saul*, No. 18 Civ. 9968, 2020 U.S. Dist. LEXIS 54407, at *25 (S.D.N.Y. Mar. 27, 2020); *see also Calero v. Colvin*, No. 16 Civ. 6582, 2017

U.S. Dist. LEXIS 157262, at *17-18 (S.D.N.Y. Sep. 26, 2017)("The ALJ need not fully credit the evaluations of every treating or consulting physician. Grounds for an ALJ to give limited weight to a physician's conclusions include: inconsistencies with the rest of the administrative record and internal inconsistencies.").

Further, Dr. Ravi (the consultative examiner) assessed no limitation as to sitting or standing and moderate limitation in walking, pushing, pulling, lifting, carrying, and overhead activities. (T at 724).  *See Petrie v. Astrue*, 412 Fed. App'x 401, 406 (2d Cir. 2011)("The report of a consultative physician may constitute … substantial evidence.").

Meg Bonner, a treating physician's assistant, completed a report in January of 2015, in which she opined that Plaintiff could occasionally lift up to 20 pounds, stand/walk up to 6 hours in an 8-hour date, sit for up to 8 hours, and push/pull without limitation. (T at 585-86).

Plaintiff cites other portions of the record, which he argues provide support for the more restrictive aspects of the treating providers' opinions. Notably, however, when the record contains competing medical opinions and conflicting conclusions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588

(2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.*

(citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also*

*McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is

susceptible to more than one rational interpretation, the Commissioner's

conclusion must be upheld.")(citation omitted).

Accordingly, for the reasons discussed above, the Court concludes

that the ALJ's assessment of the medical opinion evidence is supported by

substantial evidence and consistent with applicable law.

    *C.*    *Credibility*

A claimant's subjective complaints of pain and limitation are "an

important element in the adjudication of [social security] claims, and must

be thoroughly considered in calculating the [RFC] of a claimant." *Meadors*

*v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also*

20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's

subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion

in weighing the credibility of the claimant's testimony in light of other

evidence in the record." *Id*. (citation omitted); *see also Henningsen v.*

*Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ

retains discretion to assess the credibility of a claimant's testimony

regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff worked as a postal carrier for 23 years (T at 278).  He alleged an inability to work beginning in January of 2014 due to lung disease, right shoulder injury, cervical and lumbar radiculopathy, chronic headaches, disc herniation, depression, chronic pain and spasms, and numbness in his hands and feet. (T at 245, 277, 1100-01).

According to Plaintiff: he has difficulty breathing and uses portable oxygen (T at 90, 109, 113, 1092); he can only walk short distances (T at 1110-11); he can sit for only 2 to 3 minutes at a time, has to lie down throughout the day, and cannot climb stairs (T at 106, 108, 1092, 1100); he cannot perform household chores and needs help dressing. (T at 109, 111-12).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 1056).

For the following reasons, this Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which, as discussed above, the ALJ reasonably read as inconsistent with disabling limitations. (T at 1056-59).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See*

20

*Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, Plaintiff found Plaintiff's complaints of disabling pain and limitation inconsistent with the medical opinion evidence, including the assessment of Dr. Ravi (a consultative examiner). (T at 1056-58). *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.")*; DeJesus v. Colvin,* 12 Civ. 7354, 2014 U.S. Dist. LEXIS 22238, at *63 (S.D.N.Y. Jan. 23, 2014) ("[T]he ALJ properly chose to give little weight to [claimant's] unsupported complaints and claims given that he analyzed them in light of the objective medical evidence in the record."); *see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).

Lastly, the ALJ found Plaintiff's activities of daily living inconsistent with his complaints of disabling pain and limitation.  (T at 1059).  Plaintiff reported being able to dress, run errands, climb stairs, drive short

distances, walk frequently, and use public transportation. (T at 109-12, 856, 863).

Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations expressly permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted); *see also Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

There is no question that Plaintiff suffers from pain and limitation. The ALJ did not dismiss Plaintiff's subjective complaints and, in fact, found him limited to a reduced range of work. (T at 1053).  However, "disability requires more than mere inability to work without pain." *Dumas v.*

*Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, although there is evidence that tends to bolster Plaintiff's credibility (including an excellent work record), the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

D.     Step Five

At the fifth step of the evaluation, the burden shifts to the

Commissioner to show "a significant number of jobs (in one or more

occupations) having requirements which [the claimant is] able to meet with

[his or her] physical or mental abilities and vocational qualifications." 20

C.F.R. § 404.1566(b).

To determine whether such occupations exist in the national

economy, the ALJ "will take administrative notice of reliable job information"

listed in, among other publications, the *Dictionary of Occupational Titles*

("DOT"). Id. § 404.1566(d).

Additionally, the Commissioner may elicit testimony from a vocational

expert to prove there are jobs in the national economy that the claimant can

perform. Id. § 404.1566(e).

Here, considering Plaintiff's age (52 on the date last insured,

subsequently changed to an individual closely approaching advanced age),

education (high school), work experience, and RFC, the ALJ determined

that there were jobs that existed in significant numbers in the national

economy that Plaintiff could have performed as of the date last insured. (T

at 1059).

Plaintiff contends, in conclusory fashion, that the ALJ did not properly account for his change in age category while his application for benefits was pending.

However, the ALJ expressly acknowledged that Plaintiff changed age category to an individual closely approaching advanced age after the date last insured and while the application for benefits was pending. (T at 1059). The Court finds no error in this aspect of the ALJ's decision.

Plaintiff argues that the ALJ unfairly interrupted the efforts of his attorney to question the vocational expert during the second administrative hearing.

A social security claimant has a due process right to cross-examine a vocational expert and present rebuttal evidence. *Townley v. Heckler*, 748 F.2d 109, 114 (2d Cir. 1984).

Although the ALJ restricted counsel's ability to cross-examine the vocational expert, (T at 1109-1117), the Court finds no deprivation of due process.

The ALJ (appropriately) requested counsel to frame the questions to the vocational expert in vocational, rather than medical, terms.  While the ALJ could have been more patient (and counsel could have been more respectful) during this process, the overall effort was proper and did not rise

to the level of a due process violation. *See Parks v. Comm'r of Soc. Sec*., No. 7:14-CV-1367 (GTS), 2016 WL 590227, at *10 (N.D.N.Y. Feb. 11, 2016)("The ALJ was effectively assisting Plaintiff's counsel by directing him to present a hypothetical with functional limitations that correspond to the terms used by the vocational expert to determine whether Plaintiff could perform other existing work.").

Further, in light of the record outlined above, Plaintiff has not established any prejudice that could be remedied through further cross-examination of the vocational expert on remand. *See Bailey v. Saul*, No. 3:20-CV-00051 (KAD), 2021 WL 797833, at *7 (D. Conn. Mar. 2, 2021).

Lastly, Plaintiff argues that the ALJ erred by relying on the vocational expert's testimony, as that testimony was based on the DOT, which has not been updated since 1991 and is therefore outdated and unreliable.

This argument has been consistently rejected by courts in this Circuit and Plaintiff cites no authority to support a contrary conclusion. *See Strong v. Berryhill*, No. 17-CV-1286F, 2019 WL 2442147, at *6 (W.D.N.Y. June 12, 2019)(collecting cases)*; Johnson v. Saul*, No. 3:19-cv-01222, 2020 WL 6562402, at *11 (D. Conn. Nov. 9, 2020) ("[I]t is well settled that the DOT, despite not having been updated in more than 25 years, remains an accepted basis for vocational opinion according to the Commissioner's

rules."); *Harrison v. Comm'r of Soc. Sec.*, No. 20-CV-5282 (BCM), 2022 WL 1289357, at *11 (S.D.N.Y. Apr. 29, 2022).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 31) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 32) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 5, 2023                    *s / Gary R. Jones*
                                       GARY R. JONES
                                       United States Magistrate Judge